UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ROBERT C. GILL, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. 5:16-cv-0917-ACA-JEO |
| | ) |
| LEON BOLLING, et al., | ) |
| | ) |
|     Respondents. | ) |

## MEMORANDUM OPINION

This is an action on a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Robert C. Gill, a prisoner proceeding *pro se*. (Doc. 1). On April 10, 2019, the magistrate judge entered a report in which he recommended that the court dismiss this matter for lack of jurisdiction because it is untimely. (Doc. 16). Mr. Gill filed objections to the report and recommendation on April 29, 2019. (Doc. 17).

Mr. Gill attacks the magistrate judge's finding on two fronts. Mr. Gill contends that his petition is timely because the state court amended its judgment in January 2015. (Doc. 17 at 2–3). This argument is without merit. Based on the authorities cited in the report and recommendation, the magistrate judge correctly concluded that the 2015 amendment was not a new judgment for purposes of 28 U.S.C. § 2244. (*See* Doc. 16 at 8–12).

Mr. Gill also argues that he is still "in custody" for purposes of the 1992 conviction because that conviction was used to enhance the punishment associated with his 1996 conviction, for which he remains incarcerated. (Doc. 17 at 4–5). Mr. Gill maintains that the instant petition "can be construed as asserting a challenge to the 1996 sentence as enhanced by the allegedly invalid prior 1992 conviction." (Doc. 17 at 5) (internal quotation marks and punctuation omitted) (citing *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001)). This argument fails on two fronts. First, to the extent Mr. Gill challenges his 1996 conviction in this action, such would be a successive petition for which he has not demonstrated Eleventh Circuit approval pursuant to 28 U.S.C. § 2244(b). *See Gill v. Mitchem*, Case No. 5:01-cv-01770-CLS-JEO. Second, the magistrate judge correctly noted that where a conviction used to enhance a later sentence is no longer open to direct or collateral attack, as is Mr. Gill's 1992 conviction in this instance, it cannot be used to challenge the later enhanced conviction on grounds that the earlier conviction "was unconstitutionally obtained." (Doc. 16 at 12) (quoting *Lackawanna County District Attorney*, 532 U.S. at 404). Therefore, neither the 1992 conviction nor the 1996 conviction is presently open to federal habeas relief.

Accordingly, the court **OVERRULES** Mr. Gill's objections.

Having carefully considered the record in this case, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation, with the exception of the recommendation that the court dismiss this case with prejudice because dismissal for lack of jurisdiction is without prejudice. *See Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

By separate order, the court **WILL DENY** the petition and **WILL DISMISS** this action for lack of jurisdiction.

The court **DIRECTS** the Clerk to serve a copy of this memorandum opinion on Mr. Gill.

**DONE** and **ORDERED** this July 3, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE